IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:08-CV-22-FL

| | |
|---|---|
| PETER BURKE, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| PASQUOTANK COUNTY BOARD OF ) | |
| ELECTIONS, NORTH CAROLINA, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge James E. Gates (DE # 27), regarding defendant's motion for summary judgment (DE # 21). No objections to the M&R have been filed, and the time within which to make objections has expired. In this posture, the matter is ripe for ruling.

On June 6, 2008, plaintiff filed a motion to proceed *in forma pauperis*, which was approved on June 17, 2008. On June 17, 2008, plaintiff filed his complaint and a letter to the clerk, which was incorporated into the complaint, arguing he was denied his right to vote. Specifically, he alleges that defendant led him to believe his vote would be counted, but in fact did not count his vote. Plaintiff was convicted of a felony in 2002, revoking his voting registration. Plaintiff's right to vote was restored in 2005, but he did not re-register to vote as required by North Carolina law. See N.C. Gen. Stat. § 163-82.20A. Though plaintiff does not specify the legal claims he pursues, it is assumed he is asserting claims under 42 U.S.C. § 1983 for violation of the Due Process and Equal Protections Clauses of the Fourteenth Amendment. Plaintiff seeks damages of $1,000,000.00 and verification

that his vote will be counted in future elections.

Defendant answered the complaint on September 15, 2008 and, after the close of discovery, filed a motion for summary judgment on June 1, 2009. Defendant argues that it is not an entity capable of being sued, that plaintiff fails to establish a violation of his rights or an unconstitutional policy under § 1983, and that plaintiff fails to provide any evidence supporting any other plausible cause of action.

The magistrate judge reviewed the motion and entered an M&R recommending that defendant's motion be allowed. The magistrate judge first analyzed plaintiff's right-to-vote claim under the Due Process Clause of the Fourteenth Amendment. The Due Process Clause is violated when an "election process reaches the point of patent and fundamental unfairness." Hendon v. N.C. State Bd. of Elections, 710 F.2d 177, 182 (4th Cir. 1983) (internal quotations omitted). The election system itself must be fundamentally unfair to implicate the Due Process Clause. League of Women Voters of Ohio v. Brunner, 548 F.3d 463, 478 (6th Cir. 2008). To determine whether an election system has reached the point of fundamental unfairness, the Fourth Circuit, in Hendon, stated that courts must analyze the "severity [of the irregularity], whether it was intentional or more of a negligent failure to carry out properly the state election procedures, and whether it erodes the democratic process." Hendon, 710 F.2d at 182 (internal citation omitted).

Plaintiff does not challenge the legality of the statutory scheme that required him to re-register to vote upon restoration of his citizenship rights. Rather, he alleges that a representative of defendant lied to him in telling him his vote would count in the May 2008 primary. The magistrate judge finds that the record does not show the type of patent and fundamental unfairness needed to support a cause of action under the Due Process Clause. Moreover, plaintiff has not shown there was

an intentional failure to properly carry out election procedures. It is undisputed that plaintiff failed to comply with the statutory requirement to re-register and was thus precluded by law from voting in the May 2008 primary. In fact, plaintiff has not presented any evidence that defendant's conduct was due to discrimination based on his race. Such conclusory allegations fail to support a claim for racial discrimination. Similarly, the magistrate judge concludes this failure to provide evidence of discrimination based on race precludes a cause of action under the Fifteenth Amendment or the Voting Rights Act. See generally Thornburg v. Gingles, 478 U.S. 30 (1986).

Next, the magistrate judge analyzed plaintiff's claim under the Equal Protection Clause of the Fourteenth Amendment. As with the analysis above, plaintiff's claim fails because he has not come forward with any evidence, beyond his bare assertions, that he was treated differently or unfairly as a result of race-based discrimination. See Rogers v. Lodge, 458 U.S. 613, 617 (1982).

After careful review of the M&R, the relevant case law, and the pleadings and motions, the court agrees with the magistrate judge. The conclusions reached in the M&R are supported by the controlling case law as applied to the facts of this case. Accordingly, the court ADOPTS the recommendations and findings of the magistrate judge as its own. For the reasons stated therein, the defendant's motion for summary judgment (DE # 21) is ALLOWED and all claims against defendant are DISMISSED WITH PREJUDICE. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 8th day of March, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge